UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| KRISTOPHER ANTHONY LUNA *on behalf of* JAIRO ALEXANDER MONSALVE PEINADO | § § § § | |
| VS. | § § § | CIVIL ACTION NO. 5:26-cv-143 |
| PAMELA BONDI *et al.* | § | |

## ORDER

Kristopher Anthony Luna initiated this habeas proceeding, as next friend of his brother-in-law, Jairo Alexander Monsalve Peinado (*see* Dkt. No. 1). As the Court is uncertain that it can maintain subject matter jurisdiction over this matter, Petitioner is **ORDERED TO SHOW CAUSE IN WRITING** that the requirements are met **no later than February 20, 2026**.

### I. BACKGROUND

On February 2, 2026, the Court received a writ of habeas corpus pursuant to 28 U.S.C. § 2241, executed by Kristopher Anthony Luna on Jairo Alexander Monsalve Peinado's behalf (*see* Dkt. No. 1). According to the Petition, Jairo, a Colombian citizen, is detained by immigration authorities at the Rio Grande Detention Center in Laredo, Texas (Dkt. Nos. 1 at 1; 1-13 at 2, 15). Petitioner requests a "bond hearing before an immigration judge" or, in the alternative, "release from detention under reasonable conditions" (Dkt. No. 1 at 7).

The Court identified deficiencies in Petitioner's pleading, which may preclude its subject matter jurisdiction over this matter. First, Kristopher has not satisfied the requirements to represent Jairo as a next friend. Nor does Kristopher appear to be a

1

licensed attorney. Second, the warden of Jairo's facility, the Rio Grande Processing Center, is not named as a respondent in this action.[1]

## II. LEGAL STANDARD

### A. Next Friend

Pursuant to 28 U.S.C. § 2242, a habeas petition "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." While the individual acting on the Petitioner's behalf is ordinarily an attorney, "a non-lawyer may sign and file a habeas petition on behalf of someone else only when the petition establishes some reason or explanation, satisfactory to the court, showing: (1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would-be 'next-friend.'" *Burruss v. Hawkins*, No. CV H-22-2740, 2023 WL 319955, at *3 (S.D. Tex. Jan. 19, 2023) (citation modified) (quoting *Weber v. Garza*, 570 F.2d 511, 513–14 (5th Cir. 1978) (per curiam)). The failure to establish these requisites strips the district court of subject matter jurisdiction. *Id.* (citing *Weber*, 570 F.2d at 514).

### B. Proper Respondent

"Core habeas petitions must be filed in the district of confinement and against the immediate custodian, typically 'the warden of the facility where the prisoner is being held.'" *Olalde v. Noem*, No. 25 C 11481, 2025 WL 2841999, at *1 (N.D. Ill. Oct. 7, 2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004)). Whether a matter is "core" depends on the nature of the relief sought, and a request for release lies at the heart of traditional habeas jurisdiction. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). Generally, "[a] district court only has jurisdiction over a § 2241 petition if it has jurisdiction over the immediate custodian." *Gutierrez v. Garland*, No. 1:20-CV-141, 2021 WL 2458349, at *2

---

[1] To the Court's knowledge, the current warden of the Rio Grande Processing Center is David Cole.

(S.D. Tex. May 19, 2021) (citing *Padilla*, 542 U.S. at 442), *report and recommendation adopted*, No. 1:20-CV-00141, 2021 WL 2457843 (S.D. Tex. June 15, 2021).

### III.  DISCUSSION

**A.  Petitioner Does Not Satisfy the *Weber* Framework**

Here, Petitioner merely claims he is Jairo's brother-in-law, has known him for three years, and has "developed a close and direct relationship with him" (Dkt. No. 1-10 at 1). Petitioner also provides no explanation regarding the reason Jairo could not file the Petition himself. Simply put, Petitioner does not satisfy the *Weber* framework.

First, Petitioner "must also set forth an adequate reason or explanation of the necessity for resort to the next friend device." *Burruss*, 2023 WL 319955, at *3 (citation modified) (quoting *Weber*, 570 F.2d at 514). *Weber* sanctioned several justifications, including the "[i]nability to understand the English language or the situation, particularly in the case of aliens, impossibility of access to the person, or mental incapacity." *Weber*, 570 F.2d at 514 n.4 (quoting *United States ex rel. Bryant v. Houston*, 273 F. 915, 916 (2d Cir. 1921)); *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990) ("[A] 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability." (citations omitted)). Petitioner provides no explanation for filing the Petition as Jairo's next friend.

Second, Petitioner's statements that he is Jairo's brother-in-law, has known him for three years, and has a close and direct relationship with him offers no insight on the significance of their relationship or whether Petitioner is truly dedicated to Jairo's best interests. *Whitmore*, 495 U.S. at 163 (a next friend must have some significant relationship with and be truly dedicated to the petitioner). Ultimately, the burden lies with the next friend to "clearly [] establish the propriety of his status and thereby justify

3

the jurisdiction of the court," and the Court finds that Petitioner did not rise to the occasion here. *Whitmore*, 495 U.S. at 164 (citations omitted).

Finally, Petitioner does not allege that he is a licensed attorney. Unless next friend status has otherwise been established, that fact ordinarily bars a court from exercising subject matter jurisdiction over these proceedings. *See Smith v. White*, 857 F.2d 1042, 1043 (5th Cir. 1988) (signatures of non-attorneys are generally ineffective to initiate proceedings on the behalf of non-signor prisoners). **Consequently, it is the Court's current interpretation that the instant Petition is subject to dismissal.** *Burruss*, 2023 WL 319955, at *3 (citing *Weber*, 570 F.2d at 514).

### B. Petitioner Failed to Name the Warden of his Facility

Petitioner names the following Respondents: Pam Bondi, Attorney General of the United States; Todd M. Lyons, Acting Director, U.S. Immigration and Customs Enforcement; Facility Director, Rio Grande Detention Center; and U.S. Department of Homeland Security (*see* Dkt. No. 1).

As mentioned, Petitioner requests that the Court "order Respondents to provide Petitioner with a prompt individualized bond hearing before an immigration judge" or "[i]n the alternative, Petitioner requests release from detention under reasonable conditions while immigration proceedings continue" (Dkt. No. 1 at 7). Though framed in the alternative, his sought relief is release, and, thus, Petitioner challenges his physical confinement. *See Doe v. Garland*, 109 F.4th 1188, 1193 (9th Cir. 2024); *Aguilar v. Johnson*, No. 3:25-CV-1904-K-BN, 2025 WL 2099201, at *1 (N.D. Tex. July 25, 2025). Yet Petitioner did not name the warden of his facility as a respondent. A warden, as understood by federal regulations, is "the chief executive officer" of a federal prison or correctional institution. *United States v. Franco*, 973 F.3d 465, 468–69 (5th Cir. 2020)

4

(citing 28 C.F.R. § 500.1(a)); *see also Warden* 3b, Merriam-Webster (11th ed. 2025) (defining warden as "an official in charge of a prison"). Because the Court's final order may require action by the warden, the Court seeks to ensure that its authority properly extends to him.

### IV.  CONCLUSION

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE IN WRITING** why this petition should not be dismissed for lack of subject matter jurisdiction. If Kristopher seeks to pursue this action on Jairo's behalf as next friend, he must: (1) adequately explicate why Jairo cannot prosecute this habeas proceeding on his own consistent with relevant case law; (2) establish that he is truly dedicated to Jairo's best interests; and (3) show a significant relationship consistent with relevant case law. Petitioner **must** file his response **no later than February 20, 2026**. The response **must** also address the jurisdictional concern regarding Petitioner's failure to name the warden as a respondent.

**Petitioner is WARNED that failure to comply with this Order may result in dismissal of this action for want of prosecution under Federal Rule of Civil Procedure 41(b)**. *See* Rules Governing Section 2254 Cases, Rule 12 (the Federal Rules of Civil Procedure apply in habeas actions "to the extent that they are not inconsistent with any statutory provisions or these rules"); *see also* Rules Governing Section 2254 Cases, Rule 1(b) (§ 2254 rules apply to 28 U.S.C. § 2241 cases).

The Clerk of Court is **DIRECTED** to serve a copy of this Order on Kristopher Anthony Luna via any receipted means at:

   Kristopher Anthony Luna
   405 W. Ash St.
   Laredo, Texas 78040

The Clerk of Court is also **DIRECTED** to serve a copy of this Order on Jairo Alexander Monsalve Peinado via United States mail at:

Jairo Alexander Monsalve Peinado
A-Number: A245-582-918
Rio Grande Processing Center
1001 San Rio Boulevard
Laredo, Texas 78046

It is so **ORDERED**.

**SIGNED** February 6, 2026.

*[signature]*
Marina Garcia Marmolejo
United States District Judge